IN RE AMENDMENT OF RULE 2 OF RULES GOVERNING ADMISSION TO THE PRACTICE OF LAW
2023 OK 10
Case Number: SCBD-7385
Decided: 02/07/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 10, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

In Re: Amendment of Rule Two of the Rules Governing Admission to the Practice of Law, 5 O.S. 2011, Ch. 1, App. 5

ORDER AMENDING RULES GOVERNING
ADMISSION TO THE PRACTICE OF LAW

This matter comes on before this Court upon an Application to Amend Rule Two of the Rules Governing Admission to the Practice of Law, 5 O.S. 2011, Ch. 1, App. 5, §1. This Court finds that it has jurisdiction over this matter and Rule 2 is hereby amended as set out in Exhibit A attached hereto effective immediately.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE the 6th day of FEBRUARY, 2023.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

 

 

Exhibit A

Rules Governing Admission to the Practice of Law in the State of Oklahoma
Chapter 1, App. 5
Rule 2. Admission Upon Motion Without Examination.

For purposes of this Rule, the term "reciprocal state" shall mean a state which grants Oklahoma judges and lawyers the right of admission on motion, without the requirement of taking an examination and whose requirements for admission are similar to Oklahoma's admission upon motion without examination standards. Reciprocal state includes the District of Columbia, territories, districts, and commonwealths or possessions of the United States.

The following persons, when found by the Board of Bar Examiners to be qualified under Section I and 2 of Rule One, may be admitted by the Supreme Court to the practice of law in the State of Oklahoma upon the recommendation and motion of the Board, without examination:

Section 1. Persons who are graduates of an American Bar Association approved law school, have been lawfully admitted to practice and are in good standing on active status by a reciprocal state, and have engaged in the actual and continuous practice of law under the supervision and subject to the disciplinary requirements of a reciprocal state bar association or supreme court for at least three of five years immediately preceding application for admission under this Rule. The years of practice earned under the supervision and subject to the disciplinary requirements of multiple reciprocal states may be combined. "Practice of Law" shall not be required to occur outside of Oklahoma providing that practice of law within this state did not include work that, as undertaken, would constitute unauthorized practice of law.

A. For the purposes of this section, "practice of law" shall mean:

(a) Private practice as a sole practitioner or for a law firm, legal services office, legal clinic or similar entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which that practice occurred;

(b) Practice as an attorney for a corporation, partnership, trust, individual or other entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which the practice occurred and involved the primary duties of furnishing legal counsel, drafting legal documents and pleadings, interpreting and giving advice regarding the law, or preparing, trying or presenting cases before courts, executive departments, administrative bureaus, or agencies;

(c) Practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation with the same primary duties as described in Section I (b) above;

(d) Employment as a judge, magistrate, referee, law clerk, or similar official for the federal, state or local government (including a territory, district, commonwealth or possession of the United States); provided that such employment is available only to attorneys;

(e) Full time employment as a teacher of law at a law school approved by the American Bar Association; or

(f) Any combination of the above.

Applicants for admission without examination shall furnish such proof of practice and licensing as may be required by the Board. No applicant for admission without examination under this rule will be admitted if the applicant has taken and scored lower than 264 on a UBE bar examination within three years under Oklahoma requirements.

B. Any applicant that has been denied Admission by Motion-Reciprocity by the OKBBE under the Rules Governing Admission to the Practice of Law in the State of Oklahoma based solely on the reason that the applicant was denied admission while practicing with a Special Temporary Permit and residing in Oklahoma, shall not be required to pay a fee for reapplying under this section, within two (2) years of December 1, 2021.

Section 2. Applicant shall provide at his or her own expense a report by the National Conference of Bar Examiners.

Section 3. Applications must be upon forms prescribed by the Board of Bar Examiners.

Section 4. It is the purpose of this rule to grant reciprocity to qualified judges and lawyers from other reciprocal states and to secure for Oklahoma judges and lawyers like privileges. If the former state of the applicant permits the admission of Oklahoma judges and lawyers upon motion but their rules are more stringent, and exacting and contain other limitations, restrictions or conditions of admission, the admission of applicant shall be governed by their rules which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state.

If the former state of the applicant permits the admission of Oklahoma judges and lawyers upon motion, but the fees required to be paid are higher, the applicant shall-pay the same fees which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state.

If the applicant's actual and continuous practice for the past three of five years is from a nonreciprocal state that does not grant Oklahoma judges and lawyers the right of admission on motion, the professional experience from the former state will not be considered, and any professional experience from a nonreciprocal state cannot be combined with the professional experience from a reciprocal state to meet the requisite three of five years of actual and continuous practice.

Section 5. A person who is the current spouse of a service member in the United States Uniformed Services and who meets the following requirements may, upon motion, apply to the Supreme Court for a Special Temporary Permit to be admitted to the practice of law in the State of Oklahoma, without the requirement of taking an examination, if the applicant would otherwise be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court. An applicant shall:

a. Apply under this rule upon forms prescribed by the Board of Bar Examiners;

b. Be at least 18 years of age;

c. Hold a Juris Doctorate degree from an American Bar Association approved law school;

d. Be lawfully admitted to practice law in any other state, territory or commonwealth of the United States or in the District of Columbia;

e. Submit evidence of a passing score on the Multistate Professional Responsibility Examination;

f. Establish that the applicant is a member in good standing in all jurisdictions where the applicant was previously admitted;

g. Have good moral character, due respect for the law, and fitness to practice law;

h. Provide at his or her expense a background investigation to determine character and fitness from the National Conference of Bar Examiners, pursuant to Rule Four, Section 2(e);

i. Take the oath of attorneys which is set forth in Rule One, Section 4, of the Rules Governing Admission to the Practice of Law in the State of Oklahoma and file the same with the Clerk of the Supreme Court;

j. Sign the Roll of Attorneys; provided, however, that if the applicant is unable, by reason of absence, to sign the Roll, applicant may grant the power of attorney to the Administrative Director of the Board of Bar Examiners to sign said Roll of Attorneys for applicant;

k. Submit evidence which is satisfactory to the Supreme Court of the State of Oklahoma that the applicant is the current spouse of a service member in the United States Uniformed Services. This provision shall not be construed to apply to former military spouses; and

l. Submit evidence that the service member is on military orders within the State of Oklahoma.

No applicant for admission without examination under this rule will be admitted if the applicant has taken and scored lower than 264 on a UBE bar examination within three years under Oklahoma requirements.

Upon termination of the military status of either the dependent or the service member; or, in the event of a military transfer outside the State of Oklahoma, the right of such person to practice law in the State of Oklahoma shall terminate unless such person shall have been admitted to practice law in the State of Oklahoma. If an applicant under this section should seek to gain admission to Oklahoma without examination, they must comply with Section 1 of Rule Two.

A person admitted under this section will not incur an application fee pursuant to Rule Seven (f) of these rules.

Any person admitted under this section must comply with the Rules Creating and Controlling the Oklahoma Bar Association as set forth in Title 5, Chapter 1, Appendix 1, Article 2, Section 5.

Any person admitted under this section will be subject to the provisions of Rule Ten of these rules.

Section 6. Grandfather clause: All special temporary permits granted under Rule 2 before December 1, 2021, shall continue under those same terms and conditions. Once the temporary permit terminates, the applicant cannot renew that permit and must seek admission to practice under the rules governing admission to the practice of law in the State of Oklahoma as amended on December 1, 2021.

 

 

Exhibit A

Rules Governing Admission to the Practice of Law in the State of Oklahoma
Chapter 1, App. 5
Rule 2. Admission Upon Motion Without Examination.

For purposes of this Rule, the term "reciprocal state" shall mean a state which grants Oklahoma judges and lawyers the right of admission on motion, without the requirement of taking an examination and whose requirements for admission are similar to Oklahoma's admission upon motion without examination standards. Reciprocal state includes the District of Columbia, territories, and commonwealths or possessions of the United States.

The following persons, when found by the Board of Bar Examiners to be qualified under Section I and 2 of Rule One, may be admitted by the Supreme Court to the practice of law in the State of Oklahoma upon the recommendation and motion of the Board, without examination:

Section 1. Persons who are graduates of an American Bar Association approved law school, have been lawfully admitted to practice and are in good standing on active status by a reciprocal state, and have engaged in the actual and continuous practice of law under the supervision and subject to the disciplinary requirements of a reciprocal state bar association or supreme court for at least three of five years immediately preceding application for admission under this Rule. The years of practice earned under the supervision and subject to the disciplinary requirements of multiple reciprocal states may be combined. "Practice of Law" shall not be required to occur outside of Oklahoma providing that practice of law within this state did not include work that, as undertaken, would constitute unauthorized practice of law.

A. For the purposes of this section, "practice of law" shall mean:

(a) Private practice as a sole practitioner or for a law firm, legal services office, legal clinic or similar entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which that practice occurred;

(b) Practice as an attorney for a corporation, partnership, trust, individual or other entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which the practice occurred and involved the primary duties of furnishing legal counsel, drafting legal documents and pleadings, interpreting and giving advice regarding the law, or preparing, trying or presenting cases before courts, executive departments, administrative bureaus, or agencies;

(c) Practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation with the same primary duties as described in Section I (b) above;

(d) Employment as a judge, magistrate, referee, law clerk, or similar official for the federal, state or local government (including a territory, district, commonwealth or possession of the United States); provided that such employment is available only to attorneys;

(e) Full time employment as a teacher of law at a law school approved by the American Bar Association; or

(f) Any combination of the above.

Applicants for admission without examination shall furnish such proof of practice and licensing as may be required by the Board.

B. Any applicant that has been denied Admission by Motion-Reciprocity by the OKBBE under the Rules Governing Admission to the Practice of Law in the State of Oklahoma based solely on the reason that the applicant was denied admission while practicing with a Special Temporary Permit and residing in Oklahoma, shall not be required to pay a fee for reapplying under this section, within two (2) years of December 1, 2021.

Section 2. Applicant shall provide at his or her own expense a report by the National Conference of Bar Examiners.

Section 3. Applications must be upon forms prescribed by the Board of Bar Examiners.

Section 4. It is the purpose of this rule to grant reciprocity to qualified judges and lawyers from other reciprocal states and to secure for Oklahoma judges and lawyers like privileges. If the former state of the applicant permits the admission of Oklahoma judges and lawyers upon motion but their rules are more stringent, and exacting and contain other limitations, restrictions or conditions of admission, the admission of applicant shall be governed by their rules which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state.

If the former state of the applicant permits the admission of Oklahoma judges and lawyers upon motion, but the fees required to be paid are higher, the applicant shall pay the same fees which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state.

If the applicant's actual and continuous practice for the past three of five years is from a nonreciprocal state that does not grant Oklahoma judges and lawyers the right of admission on motion, the professional experience from the former state will not be considered, and any professional experience from a nonreciprocal state cannot be combined with the professional experience from a reciprocal state to meet the requisite three of five years of actual and continuous practice.

Section 5. A person who is the current spouse of a service member in the United States Uniformed Services and who meets the following requirements may, upon motion, apply to the Supreme Court for a Special Temporary Permit to be admitted to the practice of law in the State of Oklahoma, without the requirement of taking an examination, if the applicant would otherwise be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court. An applicant shall:

a. Apply under this rule upon forms prescribed by the Board of Bar Examiners;

b. Be at least 18 years of age;

c. Hold a Juris Doctorate degree from an American Bar Association approved law school;

d. Be lawfully admitted to practice law in any other state, territory or commonwealth of the United States or in the District of Columbia;

e. Submit evidence of a passing score on the Multistate Professional Responsibility Examination;

f. Establish that the applicant is a member in good standing in all jurisdictions where the applicant was previously admitted;

g. Have good moral character, due respect for the law, and fitness to practice law;

h. Provide at his or her expense a background investigation to determine character and fitness from the National Conference of Bar Examiners, pursuant to Rule Four, Section 2(e);

i. Take the oath of attorneys which is set forth in Rule One, Section 4, of the Rules Governing Admission to the Practice of Law in the State of Oklahoma and file the same with the Clerk of the Supreme Court;

j. Sign the Roll of Attorneys; provided, however, that if the applicant is unable, by reason of absence, to sign the Roll, applicant may grant the power of attorney to the Administrative Director of the Board of Bar Examiners to sign said Roll of Attorneys for applicant;

k. Submit evidence which is satisfactory to the Supreme Court of the State of Oklahoma that the applicant is the current spouse of a service member in the United States Uniformed Services. This provision shall not be construed to apply to former military spouses; and

l. Submit evidence that the service member is on military orders within the State of Oklahoma.

Upon termination of the military status of either the dependent or the service member; or, in the event of a military transfer outside the State of Oklahoma, the right of such person to practice law in the State of Oklahoma shall terminate unless such person shall have been admitted to practice law in the State of Oklahoma. If an applicant under this section should seek to gain admission to Oklahoma without examination, they must comply with Section 1 of Rule Two.

A person admitted under this section will not incur an application fee pursuant to Rule Seven (f) of these rules.

Any person admitted under this section must comply with the Rules Creating and Controlling the Oklahoma Bar Association as set forth in Title 5, Chapter 1, Appendix 1, Article 2, Section 5.

Any person admitted under this section will be subject to the provisions of Rule Ten of these rules.

Section 6. Grandfather clause: All special temporary permits granted under Rule 2 before December 1, 2021, shall continue under those same terms and conditions. Once the temporary permit terminates, the applicant cannot renew that permit and must seek admission to practice under the rules governing admission to the practice of law in the State of Oklahoma as amended on December 1, 2021.